FILED

-PS-O-

2007 OCT 15   AM 5:

US DIST CT WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TROY BROOKS, 97A4120;
CHARLES BROWN, 98A5999;
ANTHONY MEDINA, 99A2999;
MICHAEL DOXEN, 02A2973;
JOHN DIGIACOMO, 02A3548;
ANTHONY SIMMONS, 94B0842;
WILLIAM BROOKS, 04A6816;
KEVEN SHORTELL, 04A6744;
STEVE STEED, 93A8541;
CARLOS SENQUIZ, 02A3175;
GERALD PIERRE, 06A1126;
and All Others Similarly Situated;

                    Plaintiffs,

                                              **DECISION AND ORDER**
                                              07-CV-0497Sr

            -v-

DAVID F. NAPOLI, Superintendent;
ANGELA A. BARTLETT, Deputy Superintendent;
MARILYN BRIDGE, Deputy Superintendent;
PAUL CHAPPIUS, Deputy Superintendent;
DAVID AUGUSTINE, Lieutenant;
RICHARD A. DONAHUE, Lieutenant;
MICHAEL SHEAHAN, Captain;
DANIEL CHAPMAN, Sergeant;
THOMAS HANNAH, Sergeant;
JODI A. LITWILER, Sergeant;
LEON D. MCGRAIN, Sergeant;
MARK SHUMAKER, Sergeant;
NANCY SCHOONOVER, Grievance Supervisor;
SABRINA VONHAGN, Grievance Supervisor;
CRAIG SKELLY, Correction Officer;
FRANKLIN ZYWICKI, Correction Officer;
RICHARD CECCE, Correction Officer;
DANNY DAVIS, Correction Officer;
SEAN DAVIS, Correction Officer;
PAUL JAYNE, Correction Officer;
EDMUND DELANY, Correction Officer;

JAMES GILBERT, Correction Officer;
LARRY GLEASON, Correction Officer;
THOMAS EAGEN, Grievance Director;
and Other Unknown Correction Officers,
Individually and in their Official Capacities;

                    Defendants.

_____

## INTRODUCTION

Plaintiffs, proceeding *pro se*, are incarcerated in the Southport Correctional Facility have filed this action seeking relief pursuant to 42 U.S.C. § 1983. Only plaintiff Kevin Shortell has filed papers requesting permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff Shortell has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff Shortell's request to proceed as a poor person is hereby granted. Plaintiffs have requested a preliminary injunction and temporary restraining order, as well as appointment of counsel. Plaintiffs' complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

## POOR PERSON STATUS

Because only plaintiff Shortell has both met the statutory requirements and furnished the Court with a signed Authorization, he is the only person allowed to proceed as a plaintiff at this stage. The other plaintiffs are directed to complete the Court's **Motion to Proceed In Forma Pauperis** and it's supporting **Certification** and **Authorization** without delay and file them with the Court.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff has moved for preliminary injunctive relief and a temporary restraining order seeking to restrain defendants from engaging in excessive force, denial of food, and other acts alleged to be in retaliation for complaining about the excessive use of force.  Because the defendants have not been served, plaintiff's papers do not comply with the requirements of Rule 65(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 65(b); *and see Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985); *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991).

In view of the serious nature of plaintiff's allegations, however, the Court directs that the Clerk of the Court take the following steps to apprise the defendants of plaintiff's motion, and directs defendants to answer the motion within fifteen days of service.  First, because the Court anticipates that defendants will be represented by the New York State Attorney General, the Clerk is directed to mail a copy of the Complaint and the motion papers, together with this Order, to the Assistant Attorney General in Charge, Attorney General's Office, 107 Delaware Avenue, Fourth Floor, Buffalo, New York 14202.  Second, the Clerk of the Court is directed to ensure that all necessary paperwork is submitted to the U.S. Marshal without delay.

Plaintiff's motion for appointment of counsel is denied without prejudice to its renewal after the defendants answer the complaint and motion papers because the Court does not currently have sufficient information to assess the request under the

standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

## ORDER

IT IS HEREBY ORDERED that plaintiff Shortell's request for permission to proceed *in forma pauperis* is granted;

FURTHER, that the Clerk of the Court is directed to forward to the other plaintiffs, with a copy of this Order, all paperwork necessary to apply for *in forma pauperis* status;

FURTHER, that plaintiff's motion for appointment of counsel is denied without prejudice to its renewal after the defendants answer the complaint and motion papers;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, Motion papers and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court is directed to ensure that all necessary paperwork is submitted to the U.S. Marshal without delay, and that the U.S. Marshal is directed to serve the papers on defendants without delay;

FURTHER, that the Clerk of the Court is directed to mail a copy of the Complaint and Motion papers, together with this Order, to the Assistant Attorney

4

General in Charge, Attorney General's Office, 107 Delaware Avenue, Fourth Floor,

Buffalo, New York 14202; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are

directed to answer the complaint, and to respond to the motion for injunctive relief

within **fifteen** days of service.

IT IS SO ORDERED.

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct. 15, 2007