UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TROY BROOKS, et al.,

       Plaintiffs,

   -v-

David F. Napoli, et al.

       Defendants.

07-CV-0497S(Sr)
**ORDER**

---

In this multi-plaintiff prisoner civil rights action against a number of correctional officials and employees at the Southport Correctional Facility, commenced *pro se*, the Court (Hon. Richard J. Arcara) issued an Order, filed January 3, 2008, directing a number of plaintiffs to file either a Prison Authorization Form, pursuant to 28 U.S.C. § 1915(b)(1), or both an application to proceed *in forma pauperis*, including a completed Prison Certification section, pursuant to § 1915(a)(1)-(2), and a Prison Authorization Form.[1] (Docket No. 32). The Court advised plaintiffs that whomever did not comply with said Order by February 7, 2008, would be dismissed as a plaintiff in this action.[2]

---

[1] This action was initially opened upon the filing of an application to proceed *in forma pauperis* and Prison Authorization Form by plaintiff Kevin Shortell. (Docket Nos. 2 and 10). Upon the granting of Shortell's application to proceed *in forma pauperis*, the Clerk of the Court was directed to cause the U.S. Marshal's Service to serve the summons and complaint on the defendants. To date, all the named defendants, except David Augustine, have filed answers to the complaint. (Docket Nos. 21, 28, 39 and 40).

[2] The Court's Order (Docket No. 32) noted that plaintiffs Anthony Simmons, Anthony Medina, Carlos Senquiz, Michael Doxen, and Gerald Pierre had filed previously applications to proceed *in forma pauperis* but not Prison

To date the following plaintiffs have not complied with said Order and are hereby dismissed as plaintiffs in this action without prejudice: Troy Brooks (has not filed both an application to file *in forma pauperis* and Prison Authorization Form); Charles Brown (has filed an application to proceed *in forma pauperis* (Docket No. 36) but did not have the prison certification section completed and did not file a Prison Authorization Form); John DiGiacomo (has not filed both an application to proceed *in forma pauperis* and Prison Authorization Form);[3] Anthony Simmons (had filed an application to proceed *in forma pauperis* (Docket No. 11) but not a Prison Authorization Form); Carlos Senquiz (had filed an application to proceed *in forma pauperis* (Docket No. 16) but not a Prison Authorization Form); and Gerald Pierre (had filed an application to

---

Authorizations Forms (Docket Nos. 11, 12, 15, 16 and 18), and that plaintiffs Charles Brown, John DiGiacomo, Troy Brooks and William Brooks had filed neither applications to proceed *in forma pauperis* nor Prison authorization Forms. The Order therefore directed Simmons, Medina, Senquiz, Doxen and Pierre to file Prison Authorization Forms, and Brown, Troy Brooks, William Brooks and DiGiacomo to file both applications to proceed *in forma pauperis* and Prison Authorization Forms.

[3] The Docket Report notes that the Court's Order directing DiGiacomo to file an application to proceed *in forma pauperis* and Prison Authorization Form and a later Order referring this action to Magistrate Judge Schroeder (Docket No. 37) were both returned as undeliverable to DiGiacomo with notations "Return to Sender, Unable to Forward." A review of the New York Department of Correctional Services' Website indicates that DiGiacomo was discharged on November 21, 2007, his maximum expiration date. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant. .... In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." DiGiacomo has not provided the Court with an updated address.

proceed *in forma pauperis* (Docket No. 18) but not a Prison Authorization Form).

Because plaintiffs Medina and Doxen have now filed both an application to proceed *in forma pauperis* and a Prison Authorization Form (Docket Nos. 12 and 42 (Medina), and Docket Nos. 15 and 33 (Doxen)), they are granted permission to proceed *in forma pauperis*.

A review of the Docket Report in this matter reveals that all the named defendants in this action, have filed answers to the complaint (Docket Nos. 21, 28, 39 and 40), except David Augustine.[4] The Clerk of the Court is hereby directed to issue a summons for Augustine and to complete a U.S. Marshals Service Process Receipt and Return Form (USM-285) for service on Augustine, and to direct the U.S. Marshals Service to serve the summons and complaint on Augustine at the Southport Correctional Facility forthwith.

IT IS HEREBY ORDERED that Troy Brooks, Charles Brown, John DiGiacomo, Anthony Simmons, Carlos Senquiz and Gerald Pierre are dismissed as plaintiffs without prejudice and the Clerk of the Court is directed to terminate said plaintiffs as parties to this action.

---

[4] A previous Order of the Court (Docket No. 32) had incorrectly stated that all the defendants, except Thomas Eagen, had filed answers. It appears from a review of the answers filed on behalf of the defendants, that an answer has not been filed by Augustine. It also appears from a review of the Docket Report that a summons may not have been issued for Augustine and there is no indication on the Docket Report that a Return of Service of the Summons and Complaint has been docketed for Augustine. Eagen has since filed an answer (Docket No. 4).

FURTHER, that plaintiffs Anthony Medina and Michael Doxen are granted permission to proceed *in forma pauperis*.

FURTHER, the Clerk of the Court is directed to issue a summons for defendant David Augustine and to complete a U.S. Marshals Service Process Receipt and Return Form (USM-285) for service on Augustine, and to direct the U.S. Marshals Service to serve the summons and complaint on Augustine at the Southport Correctional Facility.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 4, 2008
         Rochester, New York