UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TROY BROOKS, et al.,

                Plaintiffs,         07-CV-497Sr

v.

DAVID F. NAPOLI, et al.,

                Defendants.

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #50.

Currently before the Court is plaintiff Anthony Medina's third motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #86.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he has been subjected to, *inter alia*, excessive force and denial of food in retaliation for complaints regarding excessive use of force while incarcerated at the Southport Correctional Facility. Dkt. #1. In support of his motion for appointment of counsel, plaintiff states that he is no longer incarcerated at the facility at which the alleged constitutional violations occurred, and therefore unable to investigate the facts of his case; that he suffers from mental illness; that he is legally blind and unable to read or write or meaningfully use the prison's law library without accommodation; and that he suffers from serious physical infirmities. Dkt. #86. However, plaintiff has demonstrated his ability to articulate the legal theory and factual basis of his claims to the Court and has not established at this point in the litigation that he is unable to represent himself in this matter. As a result, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It

is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED: Buffalo, New York
March 3, 2010

 s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**