UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TROY BROOKS, et al.,

                    Plaintiffs,               07-CV-497Sr

v.

DAVID F. NAPOLI, et al.,

                    Defendants.

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment. Dkt. #50.

Currently before the Court is plaintiff Anthony Medina's motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #92.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he has been subjected to, *inter alia*, excessive force and denial of food in retaliation for complaints regarding excessive use of force while

incarcerated at the Southport Correctional Facility. Dkt. #1. In support of his motion for appointment of counsel, plaintiff states that his ability to prosecute this claim has been hindered by DOCS' Directive #4913, which has been revised to limit inmates to four draft bags of personal property and one additional draft bag of legal materials pertaining to active legal cases. Dkt. #92. Plaintiff argues that because he has ten actions currently pending in various courts, and because his vision impairment requires a large font to enable him to read, he currently possesses 4½ draft bags of legal materials. Dkt. #92. Plaintiff argues that the revised Directive #4913 impairs his ability to petition the Court and seeks an attorney to assist him with the prosecution of this action or an order directing DOCS to allow him to retain all of his legal materials so that he can oppose defendants' motion for summary judgment. Dkt. #92.

DOCS' limitation on the amount of legal materials plaintiff may retain in addition to his personal property is not sufficient to warrant appointment of counsel in this action. Plaintiff has

demonstrated his ability to articulate the factual basis of his claims and, to the extent that he no longer has access to documents which could support those facts, may utilize Rule 56(f) of the Federal Rules of Civil Procedure to oppose defendants' motion for summary judgment.  Plaintiff has not established at this point in the litigation that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.  As a result, plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

    **SO ORDERED.**

DATED:  Buffalo, New York
          July 19, 2010

     s/ H. Kenneth Schroeder, Jr.
    **H. KENNETH SCHROEDER, JR.**
    **United States Magistrate Judge**