UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY MEDINA, MICHAEL DOXEN, and
KEVEN SHORTELL,

                            Plaintiffs,

               -vs-                                07-CV-497-JTC

DAVID F. NAPOLI, et al.,

                            Defendants.

---

This case has been transferred to the docket of the undersigned. Plaintiffs Anthony Medina, Michael Doxen, and Keven Shortell seek declaratory and injunctive relief pursuant to 42 U.S.C. § 1983, against several individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS")[1] based on events alleged to have occurred while plaintiffs were incarcerated at the Southport Correctional Facility ("Southport CF"). Item 1. Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the complaint in its entirety for failure to exhaust all available administrative remedies prior to bringing this action. Item 93. For the reasons that follow, defendants' motion is granted.

## **BACKGROUND**

This action was originally commenced on July 20, 2007, by the filing of a *pro se* "Class Action" complaint by eleven named plaintiffs "and all others similarly situated,"

---

[1] At the time the complaint in this action was filed, defendants were employed by New York State Department of Correctional Services ("DOCS"). On April 1, 2011, DOCS and the New York State Division of Parole merged together into one agency now entitled New York State Department of Corrections and Community Supervision ("DOCCS").

claiming that their constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated during their incarceration in the Special Housing Unit ("SHU") at Southport CF when they were deprived of food; subjected to painful mechanical restraints; denied recreation and other privileges; assaulted by corrections officers; and subjected to fabricated misbehavior reports, prejudiced disciplinary proceedings, and other unconstitutional mistreatment by prison officials, all in retaliation for filing inmate grievances. *See* Item 1. After several plaintiffs failed to request permission to proceed *in forma pauperis* or provide certifications and authorization requests, as required by 28 U.S.C. § 1915, and after several other plaintiffs expressed to the court their lack of interest in pursuing this lawsuit, the court issued a series of orders terminating those plaintiffs as parties leaving only Medina, Doxen, and Shortell as plaintiffs. *See* Items 10, 32, 35, 43, 45, 47. The court subsequently denied, without prejudice, plaintiffs' motion for class certification on the ground that at least some of the claims in the complaint were unique to the remaining individual plaintiffs and had no class-wide implication. Item 49.

Plaintiff Medina then moved for leave to amend the complaint to add three additional plaintiffs and 350 additional defendants, and to assert claims for compensatory and punitive damages. The court granted the motion to allow the incorporation of two additional factual allegations regarding conduct on the part of existing defendants, and naming one additional defendant (bringing the total number of defendants to twenty-five); denied the motion in all other respects; and directed the Clerk of the Court to amend the caption to name only the three plaintiffs remaining in this action—Medina, Doxen, and Shortell. Item 80.

Discovery in the case, which included the examination before trial of plaintiffs Medina and Doxen (plaintiff Shortell was not deposed), closed in December 2009.

Defendants then moved for summary judgment under Rule 56 on several grounds, including failure to exhaust all available administrative remedies with respect to the claims in the complaint unique to the three remaining plaintiffs.

## DISCUSSION

### I. Summary Judgment

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 311 n. 7 (S.D.N.Y. 2011). Under those standards, the party seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 F.App'x 387 (2d Cir. 2011). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law …." *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars

showing that a trial is needed . . ..." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011)). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The court recognizes its duty to "extend extra consideration" to *pro se* plaintiffs and that "*pro se* parties are to be given special latitude on summary judgment motions." *Bennett v. Goord*, 2006 WL 2794421, at *3 (W.D.N.Y. August 1, 2006) (quoting *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)), *aff'd*, 2008 WL 5083122 (2d Cir. 2008); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* party's pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest"). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,' unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Cole v. Artuz*, 1999 WL 983876, at *3 (S.D.N.Y. October 28, 1999) (citing cases).

In this case, only plaintiff Medina has responded to defendants' summary judgment motion. He did so by way of a sworn affidavit filed August 10, 2010 (Item 102), seeking relief on his own behalf pursuant to Rule 56(d),[2] which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. Rule Civ. P. 56(d).

To obtain relief under this Rule, the non-moving party's affidavit or declaration must show: "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, LLP.*, 321 F.3d 292, 303 (2d Cir.), *cert. denied*, 540 U.S. 823 (2003), *quoted in Javier H. v. Garcia-Botello*, 2011 WL 4344045, at *7 (W.D.N.Y. Sept. 14, 2011). The grant of relief pursuant to Rule 56(d) is within the discretion of the district court. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 995 F.2d 375 (2d Cir. 1993).

In this case, Mr. Medina states in his affidavit that he is unable to respond to defendants' summary judgment motion because the documents pertinent to his claims are no longer in his possession due to a change in DOCCS' inmate property rules limiting the

---

[2] Plaintiff Medina sought relief under Rule 56(f), which was re-designated as subdivision (d) by amendment effective December 1, 2010 "without substantial change" to its provisions. *See* Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments).

number of bags of personal property which may be shipped between facilities on transfer. According to Mr. Medina, he was transferred in June 2010 from Sing Sing CF to the Sensorial Disabled Unit at Sullivan CF to accommodate his vision impairment, and he was required by the new policy (which he claims is unconstitutional) to discard or send to others for safekeeping several bags of his legal papers—including the case file for this action.

In response to Mr. Medina's request for Rule 56(d) relief, defense counsel has submitted a copy of a letter he sent to Mr. Medina on July 9, 2010, advising that although discovery in this case was complete as of December 2009, counsel would provide plaintiff with an additional copy of defendants' summary judgment motion papers, or an additional copy of the discovery that had already been produced by defendants in this action, if plaintiff requested it. *See* Item 103, p. 8. Mr. Medina responded by letter dated July 14, 2010, indicating that he needed additional discovery in order to respond to defendants' failure to exhaust argument, and requesting that defendants provide him with copies of all of the documents on file with enlarged print to accommodate his vision problem. *Id.* at 10-11.

Based on this record, plaintiff Medina has not shown sufficient grounds to support his request for relief under Rule 56(d). The additional discovery sought by way of plaintiff's July 14, 2010 letter was the very subject of a prior motion to compel, which was denied by this court in an order dated September 15, 2009 (Item 81). There is nothing in the present record to justify revisiting the issues addressed in that order or reopening discovery at this stage of the proceedings—nearly three years after the discovery deadline expired . With respect to plaintiff Medina's request for reproduction of the available discovery materials and motion papers in larger print, Mr. Medina has failed to show that the information

contained in these materials might reveal facts reasonably expected to create a genuine issue for trial precluding summary judgment in favor of defendants on the grounds discussed immediately below.

Accordingly, the court declines to defer any further its consideration of defendants' motion, allow additional discovery, or grant any other relief under Rule 56(d).

## II.  Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 …, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Because section 1997e(a) "requires exhaustion of available administrative remedies before inmate-plaintiffs may bring their federal claims to court at all … ," *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled on other grounds by Porter*, 534 U.S. 516, an inmate's failure to exhaust is an absolute bar to an action in federal court. *Martin v. Niagara County Jail*, 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). "The PLRA exhaustion requirement requires proper exhaustion. That is, prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012)(internal citation and quotation marks omitted).

In New York State, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the inmate grievance resolution committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See* 7 N.Y.C.R.R. § 701.5. All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *Morrison v. Parmele*, ___F. Supp. 2d___, ___, 2012 WL 4356713, at *2 (W.D.N.Y. Sept. 25, 2012) (citing *Porter*, 534 U.S. at 524).

However, while full exhaustion is mandatory under the PLRA, the Second Circuit has recognized certain "special circumstances" which may excuse a prisoner's failure to exhaust, including: (1) when administrative remedies are not actually made available to the prisoner, *see Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004); (2) when the defendants waive the affirmative defense by failing to raise or preserve it, *see Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); and (3) when the defendants acted in such a manner that they are estopped from raising it, *see Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004). *See also Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (failure to exhaust is an affirmative defense, and defendants' actions may estop the state from asserting).[3] As noted in *Giano*, in the absence of any such justification for not pursuing

---

[3]The exhaustion defense was timely raised by defendants, *see* Item 21 (Answer to Complaint), ¶ 31, and has not been waived.

administrative remedies, "dismissal with prejudice, when remedies are no longer available, is required …." *Id*.

In this case, the *pro se* complaint sets forth a variety of allegations of unconstitutional conduct on the part of prison officials at Southport CF, all of which are alleged to have occurred out of retaliation for the plaintiffs' having filed grievances. As the Second Circuit recognized in the wake of the Supreme Court's decision in *Porter v. Nussle*, "retaliation claim[s] fit[ ] within the category of 'inmate suits about prison life,' and therefore must be preceded by the exhaustion of state administrative remedies available." *Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002), *quoted in Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004); *see also Suarez v. Kremer*, 2008 WL 4239214, at *2 (W.D.N.Y. Sept. 11, 2008). Based upon the court's review of the record on summary judgment, it is apparent that none of the three remaining named plaintiffs fully exhausted the available state administrative remedies with respect to the retaliation claims set forth in the complaint prior to commencing this action in federal court.

In this regard, defendants have submitted the declarations of defendant Nancy Schoonover, Grievance Supervisor for the Inmate Grievance Program and custodian of inmate grievance records at Southport CF (Schoonover Decl., Item 23), and Karen Bellamy, Director of the Inmate Grievance Program and custodian of the records maintained by CORC (Bellamy Decl., Item 95, pp. 146-47). These records show that, of the twenty-six grievances filed by plaintiff Medina between March and October 2007, only one involved "retaliation by staff" (Item 23, p. 13), and there is no record of the IRGC's disposition of this grievance, appeal to the Superintendent, or appeal to the CORC. The records further reflect no attempts by plaintiffs Doxen or Shortell to file grievances or

otherwise exhaust administrative remedies with respect to claims of retaliation by DOCCS employees at Southport CF during the time of the events alleged in the complaint.

Indeed, the record on summary judgment is devoid of evidence to support a reasonable inference that all three steps of the state's prison grievance procedure were fully pursued with respect to any of the allegations in the complaint relating to claims of unconstitutional conditions of confinement unique to the three remaining individual plaintiffs. As attested to by defendant Bellamy, and as confirmed by the court's review of the materials attached to her declaration (*see* Item 95, pp. 148-175), there is no record of an appeal having been filed with CORC seeking review and final administrative determination as to any grievance brought by any one of the three named plaintiffs prior to the commencement of this action in July 2007.

The record is also devoid of any indication that the grievance procedures were not actually available to the plaintiffs, that any of the defendants acted in such a manner that they should be estopped from raising the exhaustion defense, or that any other special circumstances might exist to excuse plaintiffs' noncompliance with the PLRA's mandatory exhaustion requirement. In the absence of any judicially-recognized justification for plaintiffs' failure to fully pursue their administrative remedies, and because those remedies are no longer available with respect to the matters complained of, "dismissal with prejudice … is required." *Giano*, 380 F.3d at 675.

Based on this review of the record, and upon full consideration of pertinent authority, the court concludes that defendants have satisfied the burden of proof on their affirmative defense that plaintiffs Medina, Doxen, and Shortell have failed to fully exhaust the administrative remedies available under 7 N.Y.C.R.R. § 701.5 prior to seeking redress in

this court for violations of their constitutional rights based on the conduct of prison officials at Southport CF, including conduct alleged to have been undertaken by defendants in retaliation for plaintiffs' filing inmate grievances, as required under 42 U.S.C. § 1997e(a). Accordingly, no reasonable jury could return a verdict for those plaintiffs on any of the claims remaining in the case unique to them, and defendants are entitled to summary judgment as a matter of law dismissing the complaint in its entirety pursuant to Fed. R. Civ. P. 56(a).

## **CONCLUSION**

For the foregoing reasons, defendants' summary judgment motion (Item 93) is granted, and the case is dismissed. The Clerk of the Court is directed to enter judgment in favor of defendants.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated:                           , 2012
p:\pending\2007\07-497.oct11.2012